UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CITY OF CARMEL, INDIANA, by the CARMEL REDEVELOPMENT COMMISSIONPlaintiff,vs.STEEL SUPPLY & ENGINEERING CO., et al.,Defendants. | 1:11-cv-894- SEB-TAB |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT
(Docket No. 12)

Plaintiff, City of Carmel, Indiana, filed this breach of contract action against two defendants: Steel Supply and Engineering, a contractor on the construction project to build the Carmel Performing Arts Center; and Steel Supply's surety, Ohio Farmers Insurance Company.

As part of the Agreement (attached as Exhibit 1 to Plaintiff's Motion to Remand) between the City of Carmel and Steel Supply, § 5.12 sets out the terms of a forum selection clause by which, in the event of a dispute arising under the Agreement, the parties agreed to file any lawsuit "in an appropriate court in Hamilton County, Indiana only," and that such court would provide the appropriate venue and have jurisdiction over the action.

The Surety Agreement which provides the required performance bond in favor of the City of Carmel should Steel Supply default in its obligations under the construction agreement contains no explicit forum selection provision, but does include the following provision:

> The general scope of the Work consists of selected core and shell elements of a new Regional Performing Arts Center, which Agreement, and the "Contract Documents" as referred to therein, are **hereby incorporated herein by reference**.

(Emphasis added)

After being served with a summons and a copy of the Complaint, Defendant Steel filed a timely Notice of Removal to bring the case to federal court. The City of Carmel responded by filing the motion to remand to state court now before us, invoking the forum selection clause. Steel Supply rejoins arguing that because Ohio Farmers never agreed in the bond documents to any limitations on its forum selection and because Ohio Farmers is a non-Indiana defendant and thus a diverse citizen and entitled to have the case resolved in federal court, it cannot be deprived of its right to bring the litigation to this forum. Steel Supply contends further that City of Carmel waived its right to rely on the forum selection clause in the Agreement when it sued both defendants in a single action.

There is no issue raised by the parties asserting a defect in the removal petition as such or suggesting that the forum selection clause is deficient regarding its reasonableness or enforceability. The only issue raised by the motion to remand is whether the forum selection clause agreed to by the City and Steel can be enforced against both defendants. If so, the case must be remanded to state court.

Our review of the applicable law and facts convinces us that removal of this case was improper and that Plaintiff is entitled to have the forum selection clause enforced and the case remanded to state court, based on the "rule on unanimity" that requires "all defendants in a case that have been properly joined and served when the case is removed to federal court (to) join in or consent to the removal." Northern Ill. Gas Co. v. Airco Indus. Gases, Div of Airco, Inc., 676 F.2d

270, 272 (7th Cir. 1982)(superceded in unrelated part by statute as stated in Abrego Abrego v. Dow Chem. Co, 443 F. 3d 676 (9th Cir. 2006)).  See also Welch v. Norfolk S. Ry. Co., No 09-209-GPM, 2009 WL 2365596, at *2 (S.D.Ill. May 27, 2009).  That unanimity by both defendants can never happen here, because Steel Supply is contractually bound to litigate this dispute in state court.  Steel Supply's inability to consent to removal renders Ohio Farmers' rights to removal irrelevant, given that the consent of all defendants is required to authorize removal of a case involving them both.

We are equally persuaded that the incorporation by reference provision set out in the performance bond agreement between Ohio Farmers and Steel Supply provides an alternative basis for enforcement of the forum selection clause contained in the Agreement between the City of Carmel and Steel Supply.  A third party may be bound by a forum-selection clause where it is closely related to the dispute such that it becomes foreseeable that it will be bound.  Medtronic, Inc. V Endologix, Inc., 530 F. Supp.2d 1054, 1057 (D. Minn. 2008).  Clearly, as the surety, Ohio Farmers is closely related to Steel Supply in terms of its obligations to perform under the Agreement with City of Carmel.

Based on the afore-explained analysis, Steel Supply has failed to sustain its burden to establish that the requirements of removal were met in this case.  The City of Carmel's Motion to Remand is therefore **GRANTED**.

In accordance with 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of this remand order to the Clerk of the Clerk of the Hamilton Superior Court.

Steel Supply shall pay to Plaintiff the just costs and any actual expenses, including attorneys fees, incurred by Plaintiff as a result of the removal and remand of this cause pursuant to 28 U.S.C. § 1447(c).  Plaintiff shall tender a statement of its costs and expenses to Steel Supply as soon as

reasonably possible and Steel Supply shall have thirty (30) days to make payment to Plaintiff's counsel. Any disputes over the reasonableness of Plaintiff's costs and expenses shall be resolved by the Hamilton Superior Court.

    IT IS SO ORDERED.

Date: __10/26/2011_____

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas J. Costakis
KRIEG DEVAULT, LLP
tcostakis@kdlegal.com

Kevin J. Gleeson
SULLIVAN, WARD & PATTON
kgleeson@swappc.com

Robert S Schein
KRIEG DEVAULT LLP
rschein@kdlegal.com

Steven Edward Springer
KIGHTLINGER & GRAY
sspringer@k-glaw.com

Bryan S Strawbridge
KRIEG DEVAULT LLP
bstrawbridge@kdlegal.com